**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4194**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

ROLANDO VERDINES YEPEZ,

              Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.  (3:09-cr-00612-CMC-1)

─────────────

Submitted:  January 18, 2011        Decided:  January 25, 2011

─────────────

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

T. Kirk Truslow, TRUSLOW LAW FIRM, LLC, North Myrtle Beach, South Carolina, for Appellant.   James Chris Leventis, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolando Verdines Yepez pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, and improper entry by an illegal alien. The district court sentenced him to 150 months on the drug charge and 6 months on the improper entry charge, to be served concurrently. Yepez's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the guilty plea was valid and whether Yepez's sentence was reasonable. Yepez was advised of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting Yepez's guilty plea. The court ensured that Yepez understood the charges against him and the potential sentence he faced, that he entered his plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. See United

2

States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Yepez's conviction.

We have also reviewed Yepez's sentence and determined that it was properly calculated and that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing Yepez, appropriately treated the sentencing guidelines as advisory, properly calculated and considered the applicable guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors. We conclude that the district court did not abuse its discretion in imposing the chosen sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Yepez, in writing, of the right to petition the Supreme Court of the United States for further review. If Yepez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Yepez. We dispense with

3

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED